## Markham's Ex'or. vs Allen.

### ERROR TO THE BOURBON CIRCUIT.

*Devastavit. Executors. Judgments.*

JUDGE BRECK delivered the opinion of the Court.

DEBT.

Case 99.

June 16.

Case stated and facts agreed.

THIS was an action of debt brought by Allen against the plaintiff in error, upon a note of his testator for one hundred dollars, bearing date the 23d June, 1837, and payable one day after date. And issue having been made up upon a plea of *plene administravit* by the executor, and the law and facts having been submitted to the Court, judgment was rendered for the plaintiff for $75, with interest from the 24th June, 1837, until paid; and also for $25, with interest from the same period, the last sum to be paid out of assets in the hands of the

executor, or which might thereafter come to his hands to be administered, and also for his costs. To reverse that judgment the defendant has brought the case to this Court.

The following statement of facts was admitted upon the trial, and which was all the evidence: That in slaves and personalty and other legal assets, the executor had received $9,000, and had paid for debts a sum, which with the debt in controversy, amounted to $12,000, and that the debts paid had been paid in full. That as executor for the benefit of himself and other devisees, he had received a part of the price of a tract of land, which with the legal assets, were more than sufficient to pay all the debts. That his testator had been dead about two years, and that he had had no settlement of his accounts as executor with commissioners.

Upon this state of the pleadings and facts, it is manifest that the judgment cannot be sustained.

To authorize a judgment de bonis propriis against an executor, there must have been a previous judgment de bonis testatoris; and a return of nulla bona: (2 J. J. Marsh. 208.)

As to the $75 and the costs, the judgment is in effect to be levied *de bonis propriis*, and to that extent convicts the executor of a *devastavit*. To entitle the plaintiff to such a judgment, he must have obtained a previous judgment against the executor to be levied *de bonis testatoris*, and upon which execution had been returned *nulla bona*, as settled in *Carrol and others vs Connet*, (2 J. J. Marshall, 208, and other cases.) Without such judgment and return, no suit for a *devastavit* could be brought, unless authorized by the act of 1839, regulating the administration and settlement of estates; and neither the letter nor spirit of that act seems to contemplate any proceeding under it except in a Court of equity. It gives no new remedy, nor does it change the mode of proceeding at law.

It is true in an action for a *devastavit*, it fixes a new rule as to the extent of the liability of the executor or administrator, where the assets are insufficient to pay all the debts, but does not change the mode of proceeding.

The judgment in this case should have been for the whole debt and costs, to be levied of assets in the hands

of the executor, or which might thereafter come to his hands to be administered.

Wherefore, the judgment is reversed and the cause remanded, that a new trial be granted, and for further proceedings consistent with this opinion.

*Robinson & Johnson and Smith* for plaintiff; *Hawes* for defendant.